**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CASABLANCA RESORTS, LLC, | ) | 2:07-cv-00057-HDM-RJJ |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| EARL GREGORY BACKUS, et al., | ) | |
| Defendant. | ) | |
| ─────────────────────────── | ) | |
| EARL GREGORY BACKUS, | ) | |
| Third-Party Plaintiff, | ) | |
| vs. | ) | |
| ROBERT R. BLACK, | ) | |
| Third-Party Defendant. | ) | |
| ─────────────────────────── | ) | |
| And Related Counterclaims | ) | |
| ─────────────────────────── | ) | |

On February 22, 2007, defendant Earl Gregory Backus ("Backus") moved to dismiss or stay this action in favor of concurrent state litigation (#10). Plaintiff Casablanca Resorts, LLC ("Casablanca") has not opposed the motion, and the time for filing a response has expired.

1

On May 1, 2006, Backus filed in Utah state court a complaint against Casablanca and its principal, Robert Black ("Black"). Nearly 8 months later, on December 20, 2006, Casablanca filed in Nevada state court a complaint against Backus. Backus timely removed to this court, brought a third-party complaint against Black, and asserted counterclaims against Casablanca. Backus then submitted its motion to stay or dismiss this action.

In exceptional circumstances, the court may stay or dismiss an action where there are "substantially similar" concurrent state court proceedings. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). In deciding whether such circumstances exist, the court is to consider a number of factors: (1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights. *Nakash*, 882 F.2d at 1415 (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1978)).

The court has reviewed the Utah complaint and finds that the parties in both actions are identical, although aligned differently. In addition, Backus' claims pending in Utah are identical to the counterclaims he has asserted in this action. Although it is unclear what counterclaims, if any, Casablanca and Black asserted in connection with the Utah action, it appears that any such claims would have been compulsory under Utah R. Civ. P. 13, as they "arise[] out of the transaction or occurrence that is

2

the subject-matter of the opposing party's claim. . . ." Accordingly, the claims pending in Utah state court are "substantially similar" to those asserted in the current action.

After considering the factors stated above, the court finds it appropriate to stay this action pursuant to the *Colorado River* doctrine. Backus, who is a resident of Utah, has represented that many witnesses and evidence are located in Utah and that Casablanca advertises in that state. There is a danger that if both actions move forward, the courts will reach conflicting resolutions. Utah obtained jurisdiction of the action first (nearly 8 months before Nevada). And finally, jurisdiction in this court is based on diversity, and the complaint does not pose any federal questions; accordingly, state law governs this action.

The court further notes that pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Although plaintiff answered the defendant's counterclaims after defendant filed the current motion, it has not opposed the motion.

Accordingly, **IT IS ORDERED** that defendant's motion (#10) be **GRANTED**. This action is **STAYED** pending resolution of the Utah state court action or further order of the court and shall be administratively **CLOSED**. Should the Utah action be resolved, the defendant shall advise the court within 10 days.

DATED: This 28th day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE

3